**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| MICHAEL WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:25-CV-599-HAB |
| | ) | |
| GRIER ENTERPRISES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER GRANTING DEFAULT JUDGMENT**

After obtaining an entry of default (ECF No. 8) against the Defendant, Grier Enterprises, Inc., Plaintiff, Michael Wright, moved for a Default Judgment. (ECF No. 9). Because the Defendant failed to appear or otherwise defend and the Plaintiff is entitled to a default judgment on liability, the Motion is GRANTED. A damages hearing will be set by separate entry.

### I.      *Procedural Background*

On November 10, 2025, Plaintiff filed his Complaint against Defendant, alleging violations of the Uniformed Services Employment and Reemployment Rights Act ("USERRA") and of 42 U.S.C. § 1981. He seeks an award of lost wages, liquidated damages, and attorneys' fees and costs pursuant to USERRA and an award of lost wages, compensatory damages, punitive damages, and attorneys' fees and costs pursuant to § 1981. (ECF No. 1).

On November 12, 2025, Plaintiff mailed the Complaint and Summons, via certified mail, to Defendant's registered agent, Thomas Grier. (ECF No. 5). Defendant received service of the Complaint and Summons on November 20, 2025. (*Id.*; ECF No. 6). Defendant has failed to appear or otherwise defend within the allowable time and a clerk's entry of default was issued on

December 15, 2025. (ECF No. 8) Plaintiff filed the instant motion on January 5, 2026 (ECF no. 9).

> **II.**     ***Analysis***

Federal Rule of Civil Procedure 55 creates a two-step process for a party seeking default judgment. *See VLM Food Trading Int'l, Inc. v. Illinois Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016). First, the plaintiff must obtain an entry of default from the Clerk. Fed. R. Civ. P. 55(a). After the entry of default, the plaintiff may move for default judgment under Fed. R. Civ. P. 55(b). When the court determines that a defendant is in default, the court accepts as true the well-pleaded allegations in the complaint. *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007). "A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action in the complaint." *Id.*

However, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true." *Id.* (quoting *In re Catt*, 38 F.3d 789, 793 (7th Cir. 2004)). A district court "must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Id*. Rule 55(b)(2) allows the district court to conduct this inquiry through hearings or referrals, if necessary, to determine the amount of damages. Fed. R. Civ. P. 55(b). On the other hand, such proceedings are unnecessary if the "amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *e360 Insight,* 500 F.3d at 602 (quoting *Dundee Cement Co. v Howard Pipe & Concrete Prods., Inc.*, 722 F2d 1319, 1323 (7th Cir. 1983)).

### a.    Liability

Taken as true, the allegations in the Complaint establish the liability of Defendant for Plaintiff's USERRA claim. Under USERRA, "[a] veteran typically is entitled to be reemployed in the position which he would have occupied if his work had not been interrupted by his service." *Brown v. Con-Way Freight, Inc.*, 891 F. Supp. 2d 912, 917 (N.D. Ill. 2012). Plaintiff has pled that he is and was at all relevant times an active member of the United States Army Reserve, and that Defendant was his employer beginning in or about 2015. ECF No. 1 ¶¶ 11-12. He alleges that he participated in extended military leaves of absence in or about 2017, 2020, and 2024. *Id.* ¶ 14. After he returned from his leave in 2017 and in 2020, Defendant required Plaintiff to reapply for his job. *Id.* ¶ 15. After his 2024 leave, Plaintiff was not rehired. *Id.* ¶ 17. These allegations, accepted as true, establish Defendant's liability under USERRA.

Plaintiff also brings race-based hostile work environment and retaliation claims pursuant to 42 U.S.C. § 1981. To state a claim for hostile work environment under § 1981[1], a plaintiff must allege that (1) he was subject to unwelcome harassment, (2) the harassment was based on his race, (3) the harassment was severe or pervasive so as to alter the conditions of employment and create a hostile or abusive working environment, and (4) there is basis for employer liability. *Huri v. Office of the Chief Judge of the Cir. Ct. of Cook Cnty.*, 804 F. 3d 826, 833-34 (7th Cir. 2015). In his Complaint, Plaintiff alleges that (1) his supervisor subjected him to unwelcome harassment based on race, ECF No. 1 ¶¶ 20, 22; (2) the harassment was severe and pervasive and altered the terms and conditions of his employment, *id.* ¶ 21; and (3) he complained to management about the harassment and management took no legitimate action to remedy the hostile working environment, *id.* ¶¶ 24-29.

---

[1] Discrimination claims brought pursuant to § 1981 are analyzed in the same manner as claims brought pursuant to Title VII of the Civil Rights Act. *Yancick v. Hanna Steel Corp.*, 653 F.3d 532, 544 (7th Cir. 2011).

To state a claim for retaliation pursuant to § 1981, an employee must allege that he suffered a materially adverse action because he engaged in protected activity. *Shott v. Katz*, 829 F.3d 494, 497 (7th Cir. 2016). Plaintiff alleges that, in 2024, he complained to management about the hostile work environment he was experiencing. ECF No. 1 ¶¶ 24-26. He alleges that management took no action to remedy the hostile work environment. *Id.* ¶¶ 27-29. Soon after, Plaintiff left on military leave. *Id.* ¶ 30. Plaintiff alleges that Defendant refused to reinstate him to his position when he returned from leave, because he had complained of a hostile work environment. *Id.* ¶¶ 31-35, 38, 54.

These allegations, accepted as true, establish Defendant's liability as to Plaintiff's § 1981 claims.

### b.    Damages

Plaintiff requests that the Court schedule this matter for a hearing to determine damages. ECF No. 9 at 2. The Court grants this request and will schedule the damages hearing in a separate order.

### CONCLUSION

Based on the above, the Court GRANTS the motion for default judgment (ECF No. 9). The Clerk is directed to enter judgment in favor of Plaintiff. The Court will set the matter for a hearing as to damages in a separate docket entry.

SO ORDERED on April 20, 2026.

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

4